IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                              No. CIV 13-0791 JB/LFG
                                                                        CR 10-1926 JB

BEATRIZ A. CARDENAS-URIARTE,

      Defendant.

**MEMORANDUM OPINION AND ORDER FOR ANSWER**

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Cases, on the Motion to Vacate, Set Aside or Correct Sentence Pursuant to Supreme Court Ruling in Alleyne v. United States (No. 11-9335) June 11, 2013, filed August 22, 2013 (CIV Doc. 1; CR Doc. 109)("Motion").  Defendant Beatriz A. Cardenas-Uriarte alleges that the Court imposed a sentence that is above the statutory minimum and is not based on facts that a jury found. She contends that, under the Supreme Court of the United States' recent decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), she is entitled to relief from her sentence as violative of her Sixth Amendment right to a jury trial.  The Court liberally construes the motion, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam), as also asserting an independent claim of ineffective assistance of counsel resulting in an involuntary plea.

On March 12, 2012, the Court entered its Amendment Judgment in a Criminal Case (CR Doc. 86) on Cardenas-Uriarte's conviction and sentence.  She appealed her conviction and sentence, and on June 14, 2012, the United States Court of Appeals for the Tenth Circuit Court dismissed the appeal, <u>see</u> Order and Judgment, filed July 6, 2012 (CR Doc. 106).  Without having sought certiorari review, Cardenas-Uriarte then filed the Motion under U.S.C. § 2255, collaterally

attacking her plea and the sentence that the Court imposed.

Central to Cardenas-Uriarte's sentencing claim is her implicit contention that the decision in Alleyne v. United States allows her to collaterally attack her sentence. To the contrary, "Alleyne is not a new 'watershed' decision but rather an extension of the Supreme Court's earlier decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Therefore, Alleyne does not apply retroactively to [Cardenas-Uriarte]'s sentencing." United States v. Popa, No. CR 07-210 (JRT/AJB), 2013 WL 5771149, at *3 (D. Minn. Oct. 24, 2013)(citations omitted). In a case involving a second or successive § 2255 motion, the Tenth Circuit has expressed agreement with this position.

> Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 . . . (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive. . . . Unless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2).

Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013)(citing Schriro v. Summerlin, 542 U.S. 348 (2004))(quoted in In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013)). In In re Payne, the Tenth Circuit agreed with other circuits that Alleyne v. United States announced "'a new rule of constitutional law.'" In re Payne, 733 F.3d at 1029 (quoting Simpson v. United States, 721 F.3d at 876). The Tenth Circuit further noted, however, that "this rule . . . has not been 'made retroactive to cases on collateral review.'" In re Payne, 733 F.3d at 1029 (quoting § 2255(h)(2)).

Under these rulings on the applicability of Alleyne v. United States, Cardenas-Uriarte is not entitled to collateral relief on her sentencing claim. The Court will dismiss her sentencing claim and will order an answer to her claim of involuntary plea resulting from ineffective assistance of counsel.

**IT IS ORDERED** that (i) Defendant Beatriz A. Cardenas-Uriarte's claim of unconstitutional sentence under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), is dismissed; (ii) the Clerk is directed to forward to the United States of America a copy of Cardenas-Uriarte's Motion To Vacate, Set Aside or Correct Sentence Pursuant to Supreme Court Ruling in Alleyne v. United States (No. 11-9335) June 11, 2013, filed on August 22, 2013 (CIV Doc. 1; CR Doc. 109), and supporting papers and exhibits, if any, together with a copy of this Order; and (iii), within twenty-three days of entry of this Order, the United States answer Cardenas-Uriarte's claim of involuntary plea.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Steven C. Yarbrough
   Acting United States Attorney
Jon K. Stanford
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for Plaintiff United States of America*

Beatriz A. Cardenas-Uriarte
FCI Aliceville
Aliceville, Alabama

   *Defendant pro se*