IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

vs.                                      No. CIV 13-0791 JB/LAM
                                               CR 10-1926 JB

BEATRIZ A. CARDENAS-URIARTE,

      Defendant-Movant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 28, 2014 (Doc. 9)("PFRD"). No party has filed objections to the PFRD, and the deadline for filing objections has passed. The Court has determined that it will adopt the PFRD, deny Defendant-Movant Beatriz A. Cardenas-Uriarte's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Supreme Court Ruling in Alleyne v. United States (No. 11-9335) June 11, 2013, filed August 22, 2013 (Doc. 1)("Motion"), and dismiss this case with prejudice.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected

to.  The district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P.

72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"'The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and

Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S.

140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the

filing of objections advances the interests that underlie the Magistrate's Act, including judicial

efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159,

1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity

in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to

the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1421, 1426 (10th Cir. 1996)("In

this circuit, theories raised for the first time in objections to the magistrate judge's report are

deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court

correctly held that [a petitioner] had waived [an] argument by failing to raise it before the

magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with the other United States Courts of

Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One

Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving

the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review
> of a magistrate's factual or legal conclusions, under a de novo or any other
> standard, when neither party objects to those findings.  The House and Senate
> Reports accompanying the 1976 amendments do not expressly consider what sort
> of review the district court should perform when no party objects to the
> magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)("Senate Report");

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its
> disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p.
> 6162 ("House Report").   There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate.   Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates.   Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time."   See Jurisdiction of United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)("Senate Hearings").   The Committee also heard
> Judge Metzner of the Southern District of New York, the chairman of a Judicial
> Conference Committee on the administration of the magistrate system, testify that
> he personally followed that practice.   See Senate Hearings at 11 ("If any
> objections come in, . . . I review [the record] and decide it.  If no objections come
> in, I merely sign the magistrate's order.").   The Judicial Conference of the United
> States, which supported the de novo standard of review eventually incorporated in
> § 636(b)(1)(C)), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report.   See Senate Hearings at 35, 37.   Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review.   There is no indication that Congress, in enacting
> § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report
> to which no objections are filed.   It did not preclude treating the failure to object
> as a procedural default, waiving the right to further consideration of any sort.   We
> thus find nothing in the statute or the legislative history that convinces us that
> Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need

not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have

declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's

order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations."  (citations omitted))).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while

"[a]ny party that desires plenary consideration by the Article III judge of any issue need only

ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony."

Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements

of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the

magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A

district court need not, however, "make any specific findings; the district court must merely

conduct a de novo review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766

(10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required.

Consequently, a brief order expressly stating the court conducted de novo review is sufficient."

Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-

84).  "[E]xpress references to de novo review in its order must be taken to mean it properly

considered the pertinent portions of the record, absent some clear indication otherwise."

Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth

Circuit has held that a district court properly conducted a de novo review of a party's evidentiary

objections when the district court's "terse" order contained one sentence for each of the party's

"substantive claims" and did "not mention his procedural challenges to the jurisdiction of the

magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth

Circuit has explained that brief district court orders that "merely repeat[] the language of

§ 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court

conducted a de novo review:

> It is common practice among district judges in this circuit to make such a
> statement and adopt the magistrate judges' recommended dispositions when they
> find that magistrate judges have dealt with the issues fully and accurately and that
> they could add little of value to that analysis. We cannot interpret the district
> court's statement as establishing that it failed to perform the required de novo
> review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court stated that it generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, when there are no objections, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (alterations omitted)(footnote omitted)(quoting Workheiser v. City of Clovis, No.

CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.)).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged de novo review. Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order or opinion adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

No objections to the PFRD were submitted.  Nevertheless, the Court has reviewed the PFRD, and concludes that it is not "'clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (alterations

- 9 -

omitted)(footnote omitted)(quoting <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at \*3). Accordingly, the Court adopts the PFRD as its own.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 28, 2014 (Doc. 9), are adopted by the Court; (ii) Defendant-Movant Beatriz A. Cardenas-Uriarte's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Supreme Court Ruling in <u>Alleyne v. United States</u> (No. 11-9335) June 11, 2013, filed August 22, 2013 (Doc. 1), is denied; and (iii) this case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Beatriz A. Cardenas-Uriarte
FCI Aliceville
Aliceville, Alabama

    *Plaintiff pro se*

Damon P. Martinez
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*